UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MARTHA WONG and DANIEL A. BERNATH,

          Plaintiffs,

      v.

CAROLYN W. COLVIN, Commissioner of the United States Social Security Administration, an indispensable party, OnLine Community Credit Union, an indispensable party, Randy Rosenblatt, an individual dba Disability NW, LLC; Disability Law Office NW, LLC; Mick Rosenblatt; Liela Rosenblatt; Barnsley Enterprise, LLC, business form unknown; Pat Goodman; Leila R., and Milton L. Rosenblatt Living Trust; Robert Green, an indispensable party; Milton L. Goodman; and Does 1 through 50,

          Defendants.

Case No. 3:13-cv-2209-ST

**FINDINGS AND RECOMMENDATION**

**STEWART, Magistrate Judge:**

## INTRODUCTION

As disclosed by various pleading filed in this case, plaintiffs operate a law office specializing in practice before the Social Security Administration. They allege that defendant Randy Rosenblatt, a California attorney, now controls their law office and has received attorney's fee payments from the Social Security Administration to which plaintiffs are entitled.

1 – FINDINGS AND RECOMMENDATION

They claim that all defendants are in wrongful possession of their property. As a result, they allege claims against some or all defendants for: (1) conversion/embezzlement; (2) negligent fraud; (3) intentional fraud; (4) breach of fiduciary duty (5) replevin; (6) unfair business practices; (7) malpractice; and (8) rescission.

In the course of reviewing the pending motions, this court concludes that it lacks subject matter jurisdiction. Pursuant to FRCP 12(h), the court must dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Therefore, this action should be dismissed without prejudice and with leave to replead.

## **FINDINGS**

"Federal courts being courts of limited jurisdiction, the presumption is that it is without jurisdiction unless the contrary affirmatively appears." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F2d 1187, 1190 (9th Cir 1970), citing *Grace v. Am. Cent. Ins. Co.*, 109 US 278 (1883); *Robertson v. Cease*, 97 US 646, 649 (1878). In paragraph 1, the Complaint alleges that this court has jurisdiction "because Defendants are citizens of a different state than plaintiffs and because the United States Social Security Administration is an indispensable [*sic*] party." However, the Complaint fails to support either basis for jurisdiction.

Pursuant to 28 USC § 1346, federal courts have jurisdiction over certain claims against the United States. However, merely naming the Commissioner of the Social Security Administration as a defendant is not sufficient to obtain jurisdiction in federal court. The United States enjoys complete immunity from suits by its citizens unless it waives that immunity. *United States v. Mitchell*, 445 US 535, 538 (1980). The United States must expressly and unambiguously waive its sovereign immunity before it may be subject to suit. *See United States v. Idaho ex rel Dir., Idaho Dep't of Water Res.*, 508 US 1, 6 (1993). "Sovereign immunity is

jurisdictional in nature." *FDIC v. Meyer*, 510 US 471, 475 (1994). A waiver of sovereign immunity exists only if the government expressly consents to be sued, and such consent "must be unequivocally expressed in the statutory text[; it] will not be implied." *Lane v. Pena*, 518 US 187, 192 (1996). A plaintiff bears the burden of proving the existence of subject matter jurisdiction — that is, a waiver of sovereign immunity. *Freeman v. United States*, 556 F3d 326, 334 (5th Cir 2009); *Johansen v. United States*, 506 F3d 65, 68 (1st Cir 2007). The source of a waiver of sovereign immunity by the United States for any of the alleged claims against the Commissioner of the Social Security Administration does not appear anywhere in the Complaint.

Plaintiffs may be seeking to invoke jurisdiction under the Federal Tort Claims Act, 28 USC § 1346 (b) ("FTCA"), which vests exclusive jurisdiction in federal courts:

> of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

However, the FTCA specifically excludes:

> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused. . . .
>
> (h) Any claim arising out of . . . false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . .

28 USC § 2680.

3 – FINDINGS AND RECOMMENDATION

Thus, any claim involving a discretionary act or any common law tort claim based on deceit are expressly excluded from the FTCA. Given the allegations of false representations, fraud and wrongful possession, none of plaintiffs' claims appear to be permitted by the FTCA.

It also is noteworthy that even after filing their proposed Amended Complaint (docket #98), plaintiffs moved to dismiss the Commissioner of the Social Security Administration as a defendant (docket #101), which this court granted on February 28, 2014 (docket #109). Absent this defendant, subject matter jurisdiction may not be based on 28 USC § 1346.

Diversity jurisdiction under 28 USC § 1332 fares no better. The Complaint alleges that defendants are citizens of a different state than plaintiffs, but fails to allege the citizenship of each and every defendant. Because plaintiffs presumably are citizens of Oregon, every defendant must be a citizen of some other state. The Complaint alleges the citizenship of only one defendant, namely that Randy Rosenblatt and dba Disability Northwest "is a citizen of California." Complaint, ¶ 6. The proposed Amended Complaint adds that Disability Northwest LLC is "a Nevada entity," that Mick Rosenblatt is a "resident of Virginia,"[1] and that Barnsley Enterprise LLC is "a Nevada corporation." However, the citizenship of the other defendants is not alleged.

The basic requirement of 28 USC § 1332 is that all plaintiffs be of different citizenship than all defendants. The inclusion of even one nondiverse party "contaminates" the complaint. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 US 546, 562 (2005). This rule of complete diversity applies to all parties named upon commencement of the action, even if they have not been served. *See Pullman Co. v. Jenkins*, 305 US 534, 541 (1939). Complete diversity is

---

[1] "Residence and citizenship are not the same thing." *Seven Resorts, Inc. v. Cantlen*, 57 F3d 771, 774 (9th Cir 1995) (alteration in original) (citation omitted). A person's state of citizenship is determined by the person's state of domicile, not state of residence. *Kanter v. Warner-Lambert Co.*, 265 F3d 853, 857 (9th Cir 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id*, citing *Lew v. Moss*, 797 F2d 747, 749 (9th Cir 1986). "A person residing in a given state is not necessarily domiciled there . . . ." *Id* (citation omitted).

required not only between all parties named, but also between those whose joinder is indispensable under FRCP 19. *Exxon Mobil Corp.*, 545 US at 560.

At this point, plaintiffs have not established complete diversity. First, if a partnership, limited liability company, or other unincorporated association is joined as a party, the court must consider the citizenship of each of the partners, including limited partners, or members. The citizenship of each of the entity's partners or members must therefore be alleged. *Carden v. Arkoma Assocs.*, 494 US 185 (1990) (limited partnership); *United Steelworkers v. Bouligny, Inc.*, 382 US 145 (1965 (unincorporated labor union); *Johnson v. Columbia Props. Anchorage, LP*, 437 F3d 894, 899 (9th Cir 2006) (limited liability company). Thus, for the two LLCs, plaintiffs must allege that each of its members is a citizen of a state other than Oregon.

Second, inclusion of the credit union[2] alone appears to destroy diversity. If the credit union is an unincorporated association, then any of its Oregon members will destroy diversity. Under the more likely scenario of the credit union being a corporation created under the Federal Credit Union Act, 12 USC §§ 1751-72, its citizenship is attributable to the state where its activities are localized. *Feutchwanger Corp. v. Lake Hiawatha Fed'l Credit Union*, 272 F2d 453, 454-55 (3rd Cir 1959). The credit union appears to operate only in Oregon where plaintiffs are citizens.

Third, the Complaint names "Does 1 through 50" as defendants. In the Ninth Circuit, the inclusion of Doe defendants destroys the complete diversity requirement. *Garter-Bare Co. v. Munsingwear, Inc.*, 650 F2d 975, 981 (9th Cir 1980), citing *Fifty Assocs.*, 446 F2d at 1191("In the federal courts 'John Doe' casts no magical spell on a complaint otherwise lacking in diversity jurisdiction."); *Molnar v. Nat'l Broad. Co.*, 231 F2d 684, 686-87 (9th Cir 1956). "The rationale

---

[2] The Complaint names OnLine Community Credit Union ("OnLine"). The proposed Amended Complaint replaces OnLine with OnPoint Community Credit Union.

being that complete diversity cannot exist if the identity and citizenship of some defendants, i.e. the 'Does', are unknown." *W. v. State Farm Mut. Auto. Ins. Co.*, CV 10-132-M-DWM-JCL, 2011 WL 2559966, at *24 (D Mont June 28, 2011), *aff'd*, 489 F App'x 153 (9th Cir 2012).  When Doe defendants cause a complaint's jurisdictional deficiencies, "the appropriate course of action is to dismiss the action to allow the plaintiff to file an amended pleading that deletes references to the Doe defendants." *Assurance Indus. Co., Inc. v. Snag, Inc.*, C 10-1718 SBA, 2010 WL 4055925, at *2 (ND Cal Oct. 14, 2010), citing *Molnar*, 231 F2d at 687-88.

Other courts in the Ninth Circuit have found it more sensible to "permit Doe defendants and to defer the jurisdictional question until actual parties are substituted." *See, e.g.*, *Pac. Mar. Freight, Inc. v. Foster*, No. 10–cv–0578, 2010 WL 3339432, at *3 n1 (SD Cal Aug. 24, 2010) (stating that "inclusion of Doe defendants does not presumptively destroy diversity" and characterizing authority to the contrary as outdated).  As support, these courts have noted the inconsistency with more recent Ninth Circuit authority permitting Doe defendants in the removal context.  *See e.g.*, *Hao v. Chen*, 10-CV-00826-LHK, 2010 WL 3910165, at *4 (ND Cal Oct. 5, 2010), citing *Bryant v. Ford Motor Co.*, 886 F2d 1526, 1527 (9th Cir 1989) (describing amendments to the removal statute and concluding that "Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction"); *see also Lindley v. Gen. Elec. Co.*, 780 F2d 797, 799-81 (9th Cir 1986) (holding the California state law which extends the statute of limitations for Doe defendants named in the complaint is state substantive law to be applied in diversity actions).

The Ninth Circuit has yet to extend the rationale of *Lindley* and *Bryant* to an original federal action such as this one.  As long as *Garter-Bare Co.* and *Molnar* are controlling authority, this court may not deviate from them.  Other courts have recently agreed with this

conclusion.  *See, e.g.*, *Hung v. Tribal Techs.*, C 11-04990 WHA, 2012 WL 33253 (ND Cal Jan. 6, 2012).  Without dismissal of the Doe defendants or identification of their citizenship in a state other than Oregon, this court lacks diversity jurisdiction.

## RECOMMENDATION

Pursuant to FRCP 12(h), this court should dismiss this action based on lack of subject matter jurisdiction without prejudice and with leave to replead to affirmatively allege the basis for jurisdiction.  In addition, all pending motions should be stayed until this court acquires subject matter jurisdiction.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due Friday, March 21, 2014.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED March 4, 2014.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

7 – FINDINGS AND RECOMMENDATION