UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MARTHA WONG and DANIEL A.
BERNATH,

                     Plaintiffs,

      v.

CAROLYN W. COLVIN, Commissioner of
the United States Social Security
Administration, an indispensable party,
OnLine Community Credit Union, an
indispensable party, Randy Rosenblatt, an
individual dba Disability NW, LLC;
Disability Law Office NW, LLC; Mick
Rosenblatt; Liela Rosenblatt; Barnsley
Enterprise, LLC, business form unknown;
Pat Goodman; Leila R., and Milton L.
Rosenblatt Living Trust; Robert Green, an
indispensable party; Milton L. Goodman;
and Does 1 through 50,

                     Defendants.

Case No. 3:13-cv-2209-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

As disclosed by various pleadings filed in this case, plaintiff Daniel A. Bernath, a

California attorney, operated a law office specializing in a practice before the Social Security

Administration ("SSA").  His wife, plaintiff Martha Wong, became a certified Social Security

practitioner before the SSA and took over his law firm.  Wong Decl. (docket #188), ¶ 1.

Appearing *pro se*, plaintiffs allege that defendant Randy Rosenblatt, a California attorney, now

controls their law office and has received attorney's fee payments from the SSA to which they

are entitled.  They also allege that all defendants are in wrongful possession of their property.  As

a result, they filed a Complaint on December 13, 2013, alleging claims against some or all

defendants for:  (1) conversion/embezzlement; (2) negligent fraud; (3) intentional fraud;

(4) breach of fiduciary duty (5) replevin; (6) unfair business practices; (7) malpractice; and

(8) rescission.

By Judgment dated August 25, 2014, Judge Anna J. Brown dismissed this case without

prejudice for lack of subject matter jurisdiction (docket #190).

Pursuant to FRCP 11(b), defendants Barnsley Enterprise LLC, Disability Law Office

NW, LLC, Pat Goodman, Leila R. and Milton L. Rosenblatt Living Trust, Leila Rosenblatt,

Mick Rosenblatt, and Randy Rosenblatt ("Rosenblatt defendants"), have filed a Motion for

Imposition of Sanctions (docket #192) in the sum of $14,114.00 in attorney's fees and $18.06 in

costs.  For the reasons set forth below, that motion should be denied.

## PROCEDURAL HISTORY

On February 25, 2014, plaintiffs filed a Motion for Leave to File a First Amended

Complaint (docket #100) to substitute certain defendants and to add other defendants.  They then

moved to dismiss the Commissioner of the Social Security Administration as a defendant (docket

#101), which this court granted on February 28, 2014 (docket #109).

On March 4, 2014, I issued Findings and Recommendation (docket #112) that neither the

Complaint nor the Proposed First Amended Complaint sufficiently established complete

diversity of citizenship between the parties.  Accordingly, I recommended dismissal of the action

without prejudice and with leave to file a proposed Second Amended Complaint to cure the jurisdictional deficiencies.

On March 17, 2014, plaintiffs filed a Motion for Leave to File a Second Amended Complaint (docket #126). On April 11, 2014, Judge Brown adopted the March 4, 2014 Findings and Recommendation, dismissed the Complaint and proposed First Amended Complaint without prejudice for lack of jurisdiction, and reserved to me the disposition of plaintiffs' Motion for Leave to File a Second Amended Complaint (docket #144).

On April 14, 2014, I entered an Order (docket #146) granting plaintiffs leave to file a proposed Second Amended Complaint to cure the jurisdictional deficiencies.

On April 25, 2014, plaintiffs filed a proposed Second Amended Complaint (docket #151). On June 10, 2014, I issued Findings and Recommendation (docket #169) that the proposed Second Amended Complaint failed to cure the jurisdictional defects and, therefore, the filing of the proposed Second Amended Complaint would be futile. Thus, I recommended denying the Motion to File a Second Amended Complaint, denying all pending motions as moot, and dismissing this matter with prejudice for lack of subject matter jurisdiction.

After filing a similar action on June 17, 2014, in Multnomah County Circuit Court for the State of Oregon, plaintiffs filed a Notice of Voluntary Dismissal (docket #177), which I construed as a Motion to Dismiss pursuant to FRCP 41(a)(2) (docket #178). Defendants filed no response to that motion by the deadline. On July 11, 2014, I issued Findings and Recommendation (docket #181) to grant that motion and to dismiss this action without prejudice and without assessment of costs and attorney's fees.

The Rosenblatt defendants filed Objections to the July 11, 2014 Findings and Recommendation (docket #186) on the ground that dismissal under FRCP 41(a) was unjust.

Specifically, they argued that plaintiffs' Notice of Voluntary Dismissal should not have been construed as a Motion to Dismiss to which they had to file a response.  In support, they noted that it was filed by a licensed attorney who made no effort to comply with the rules of the court and that they did not stipulate to dismissal of this action without prejudice and without costs as required under FRCP 41(a).  Because plaintiffs had filed numerous documents, many of which were random and nonsensical, the Rosenblatt defendants claimed they were not aware that the Notice of Dismissal had been construed as a Motion to Dismiss.

Concluding that this court lacks subject matter jurisdiction, Judge Brown adopted my June 10, 2014 Findings and Recommendation, dismissed this action without prejudice, declined to adopt my July 11, 2014 Findings and Recommendation, and denied all pending motions as moot (docket #189).

## LEGAL STANDARD

FRCP 11 provides that by signing a pleading a party certifies that, after reasonable inquiry, the pleading is well-grounded in fact and is warranted by existing law or a good faith extension, modification or reversal of law.  Such a pleading cannot be filed for an improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation. *Nothwang v. Payless Drug Stores Nw., Inc.*, 139 FRD 675, 676 (D Or 1991).  Rule 11 addresses the two problems of frivolous filings and the use of judicial procedures as a tool for harassment. *Hudson v. Moore Bus. Forms, Inc.*, 836 F2d 1156, 1159 (9th Cir 1987), citing *Zaldivar v. City of L.A.*, 780 F2d 823, 830 (9th Cir 1986), *abrogated by Cooter & Gell v. Hartmax Corp.*, 496 US 384 (1990).  The court must evaluate the litigant's actions against the standard of reasonableness under the circumstances.  *Hudson*, 836 F2d at 1159.

///

## **FINDINGS**

Defendants seek an imposition of sanctions against plaintiffs under FRCP 11 to deter future abusive litigation by plaintiffs and to compensate defendants for attorney's fees incurred in this case.

In support of an award of sanctions under FRCP 11, defendants assert that plaintiffs have used this litigation to harass them by filing frivolous claims which wholly lack any conceivable merit under the existing facts or law.  They point to plaintiffs' misrepresentations regarding their citizenship and avalanche of pleadings, declarations, exhibits, and random, nonsensical motions and notices filed on almost a daily basis.  These included "Kidnapped 10,000 Social Security Numbers", "Addl" Evidence for Preliminary Injunction, "Defendant's Withholding Converted Client Files So That Plaintiff's Cannot File Required Fee Petition With SSA and Thus Will Lose Up to $6,000 on Douglas George Demain Matter," Notice to Name Defendant OnPoint Credit Union as an "Involuntary Plaintiff," a request for judicial notice that Rosenblatt had allegedly defaulted on student loans, *etc*.  Responding to the myriad of plaintiffs' submissions was costly and time-consuming.  Also, plaintiffs named Randy Rosenblatt's parents, his parents' trust, his brother, non-existent entities, and mere subcontractors of Rosenblatt's law firm.  These defendants contend that they have no connection to the issue between plaintiffs and Rosenblatt, but all have been required to appear and defend.

Plaintiffs dispute that they have not filed anything frivolous in case, but accuse defendants of trying every tactic to discourage them from recovering from their embezzlement of Mr. Bernath's Social Security law practice money.

Regardless of who is the harasser and who is the victim, defendants' motion must be denied for failure to comply with the safe harbor provision of FRCP 11(c)(2). As recently explained by the Ninth Circuit:

> A motion for sanctions may not be filed, however, unless there is strict compliance with Rule 11's safe harbor provision. That provision provides that any motion for sanctions must be served on the offending party at least 21 days before the motion is filed with the court. The safe harbor provision further dictates that the motion may not be filed if the offending party timely "withdraw[s] or appropriately correct[s]" the challenged contention during the safe harbor period.
>
> Fee sanctions compensate a party for the costs of enforcing the rule when the party taking the challenged position has refused to withdraw or correct it. Motions for Rule 11 attorney's fees cannot be served after the district court has decided the merits of the underlying dispute giving rise to the questionable filing. This is because once the court has decided the underlying dispute, the motion for fees cannot serve Rule 11's purpose of judicial economy.

*Islamic Shura Council of S. Cal. v. Fed. Bureau of Investigation*, 757 F3d 870, 872-73 (9th Cir 2014) (citations omitted and alterations in original).

Defendants have submitted no evidence that they served plaintiffs with their motion for sanctions at least 21 days before filing it with the court. More importantly, this court has already "decided the underlying dispute" by dismissing this case for lack of subject matter jurisdiction. Thus, Rule 11 sanctions are not available.

To recover their attorney's fees incurred in this case, defendants could have opposed plaintiffs' request for voluntary dismissal under FRCP 41(a). Since they had filed an answer and counterclaim (including "Misuse of a Civil Proceeding") and sought recovery of their attorney's fees, they had the right under FRCP 41(a)(2) to ask the court for dismissal only "on terms that the court considers proper," including an award of their attorney's fees. That opportunity was specifically provided to them when Scheduling Order was issued which construed plaintiffs'

Notice of Voluntary Dismissal as a Motion to Dismiss under FRCP 41(a)(2) and which set a due

date for objections pursuant to FRCP 41(a)(2) (docket #17).  Defendants ignored that Order at

their peril and are now past the time when those objections were due.

      Moreover, as stated in Judge Brown's August 25, 2014 Order, because this court lacks

subject matter jurisdiction, it also lacks jurisdiction to address the merits of any other motion.

*See, e.g., Jones, Blechman, Woltz & Kelly, PC v. Babakaeva*, 375 F App'x 349, 350 (4th Cir

2010) (concluding that court lacked authority to decide a motion to strike a notice of voluntary

dismissal after determining that it lacked jurisdiction over the action).

## RECOMMENDATION

      For the reason set forth above, the Rosenblatt defendants' Motion for Imposition of

Sanctions (docket #192) should be DENIED.

## SCHEDULING ORDER

      The Findings and Recommendation will be referred to a district judge.  Objections, if

any, are due Monday, November 10, 2014.  If no objections are filed, then the Findings and

Recommendation will go under advisement on that date.

      If objections are filed, then a response is due within 14 days after being served with a

copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings

and Recommendation will go under advisement.

///

///

///

///

///

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED October 22, 2014.


s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge